**Timothy D. WILKINS, Petitioner–Appellant,**

v.

**A.K. SCRIBNER, Respondent–Appellee.**

**No. 05–55470.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 2008.

Filed Jan. 17, 2008.

---

Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Timothy Deanore Wilkins, Lancaster, CA, pro se.

Herbert S. Tetef, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS, FISHER, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Timothy D. Wilkins appeals the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2254. He argues that he was 1) denied effective assistance of counsel, and 2) compelled to appear at trial in prison garb in violation of the Fourteenth Amendment. We affirm.

We review the district court's denial of habeas corpus de novo. *Sandgathe v. Maass,* 314 F.3d 371, 376 (9th Cir.2002).

Under the Anti-terrorism and Effective Death Penalty Act of 1996, we reverse where the last reasoned state court decision was based on an objectively unreasonable application of Supreme Court precedent or determination of the facts. 28 U.S.C. § 2254(d)(1)–(2); *see Carey v. Musladin,* 549 U.S. 70, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (stating that clearly established Federal law refers to the holdings, not the dicta of Supreme Court opinions); *Taylor v. Maddox,* 366 F.3d 992, 999–1000 (9th Cir.2004). Where clearly established Supreme Court law exists, we grant the writ only when "firmly convinced" the state court committed clear error. *Williams v. Taylor,* 529 U.S. 362, 389, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Wilkins must show that the assistance of counsel was objectively deficient and prejudicial. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Wilkins claims that he was denied effective assistance of counsel because he was forced to testify in the narrative. A criminal defendant has a "constitutional right to testify," but not to testify falsely. *Nix v. Whiteside,* 475 U.S. 157, 173, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). However, there is no clearly established Supreme Court law stating what an attorney must believe before declining to put on her client's direct testimony. The California Court of Appeal's decision does not violate § 2254(d)(1). Moreover, the court's decision is not an objectively unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Wilkins' trial counsel made an adequate showing that she believed he would perjure himself, making the "free narrative" option to avoid

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ethical problems constitutionally reasonable under *Nix*. Use of the free narrative was not prejudicial.

■ Wilkins argues that he was compelled to wear prison attire at trial in violation of the Fourteenth Amendment. The Court of Appeal's conclusion that Wilkins was not so compelled is not an unreasonable application of *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). The record supports the court's conclusion. *See* 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**